UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANIE HICKS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1661 |
| | § | |
| CENLAR FSB, | § | |
|     Defendants. | § | |

**DEFENDANT'S DESIGNATION OF TESTIFYING EXPERTS
PURSUANT TO RULE 26(a)(2)(B).**

Pursuant to the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B), CENLAR FSB ("Cenlar" or "Defendant") hereby serves this Designation of Testifying Experts as follows:

1.    The following expert is expected to give testimony, under Federal Rule of Civil Evidence 701-705, at the time of trial:

Crystal Gee Gibson
Barrett Daffin Frappier Turner & Engel, LLP
4004 Beltline Rd., Suite 100
Addison, Texas 75001
972-340-7924 ((telephone)
972-341-0734 (facsimile)

Crystal Gibson has been licensed to practice law in the State of Texas since 2000. She is licensed in all state courts in the State of Texas and in all federal districts in the State of Texas. She is also licensed before the Fifth Circuit Court of Appeals and the Federal Circuit.

Ms. Gibson has practiced extensively in litigation since 2000. She is familiar with attorneys' fees charged in cases such as this, in the Western District of Texas, as well as in Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller, and Wharton Counties. Ms. Gibson is expected to testify regarding the

necessity of obtaining counsel in this matter and the reasonableness and necessity of attorneys' fees incurred in the prosecution and defense of this cause of action.  Further, she is expected to testify as to the reasonableness and necessity, or lack thereof, of any other attorneys' fees asserted by any other party in this cause.  She is also expected to testify in regard to the possible attorneys' fees that might be incurred in the event of appeal to the Fifth Circuit Court of Appeals, or further appeal to the United States Supreme Court.

Any and all documents that the expert has reviewed, or will be reviewed, have been produced, or will be produced, and/or are available for inspection and copying in accordance with the Federal Rules of Civil Procedure, subject to attorney/client privilege, or such documents are matter of public record.

2. Written Reports.

a. No reports have been prepared at this time.  Defendant will supplement as reports become available.

b. Reports will be supplemented as additional information is revealed during discovery and Defendant reserves the right to supplement as discovery has not been completed in this case.

3. Defendant reserves the right to designate, at or before trial, any expert(s) that have been or may be designated by any other party to this lawsuit.

4. Defendant reserves the right to call and/or designate other expert witnesses as rebuttal witnesses, the need for which and identity of which cannot be reasonably anticipated at this time.

5. Defendant and its experts reserves the right to utilize all or part of the literature and/or documents produced, identified or relied upon by any other party's expert witnesses.  Defendant and its experts reserves the right to utilize the deposition testimony of any other party's expert

witnesses, to the extent such individuals created documents, as fact/expert witnesses, and Defendant and its designated experts may utilize all such facts, findings, opinions and recommendations contained within those individual records. Although Defendant does not vouch for all or part of the deposition testimony which may be given by any other party, any of any other party's designated expert witnesses, and/or adverse witnesses, Defendant reserves the right to utilize the deposition and oral testimony of any expert witnesses designated by any other party.  Defendant and its experts reserves the right to utilize all or part of the literature and/or documents produced, identified or relied upon by other experts designated by any party hereto.

6. In addition to the previous individual, Defendant reserves the right to designate any person, or persons, with knowledge of relevant facts that may be identified by any party to this cause of action as an expert witness, or who may be designated as an expert witness by any party to this cause of action in response to discovery propounded to that party by any other party in this case.

Dated:  December 16, 2020

                                                  Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

  */s/ Crystal Gee Gibson*
Crystal Gee Gibson
State Bar No. 24027322
SD No. 706039
4004 Belt Line Rd., Suite 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

On December 16, 2020 I certify that a copy of the foregoing was served as indicated to the following:

**VIA E-SERVICE: JHICKS4403@GMAIL.COM**
Jeanie Hicks
4403 Ebbtide Drive
Houston, Texas 77045
*Plaintiff, Pro Se*

                                                            */s/ Crystal Gee Gibson*
                                                            Crystal Gee Gibson