**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEANIE HICKS** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 4:20-cv-1661** | |
| § | | |
| **CENLAR FSB,** § | | |
| Defendants. § | | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT**

DATE:     July 28, 2021.

        Respectfully Submitted,

        **BARRETT DAFFIN FRAPPIER**
        **TURNER & ENGEL, LLP**

        */s/ Crystal G. Gibson*
        Crystal G. Gibson, *Attorney in Charge*
        State Bar No. 24027322
        SD ID No. 706039
        4004 Belt Line Road, Suite 100
        Addison, TX  75001
        Telephone:  972-340-7901
        Facsimile:   972-341-0734
        crystalr@BDFgroup.com

        ATTORNEYS FOR DEFENDANT

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... 2

TABLE OF AUTHORITIES .............................................................................................. 3

I.   PROCEDURAL BACKGROUND AND SUMMARY ........................................... 5

II.  STATEMENT OF FACTS ....................................................................................... 6

III. SUMMARY JUDGMENT EVIDENCE ................................................................. 7

IV.  ARGUMENTS AND AUTHORITIES ................................................................... 8
   A.  Standard of Review ............................................................................................ 8
   B.  Plaintiff's Texas Property Code Violation Claim Fails ..................................... 9
   C.  Plaintiff's Texas Business & Commerce Code Violation Fails ....................... 11
   D.  Plaintiff's Texas Finance Code Violation Claim Fails .................................... 12
   E.  Plaintiff's Declaratory Judgment Claim Fails .................................................. 14
   F.  Defendant's Breach of Contract Claim ............................................................ 15
   G.  Defendant is Entitled to a Foreclosure Order .................................................. 17
   H.  Attorney's Fees ................................................................................................ 19

V.   CONCLUSION ....................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Aguero v. Ramirez*, 70 S.W.3d 372 (Tex.App.2002) .................................................................. 13

*Alcala v. Deutsche Bank National Trust Company*, No. 16-20609, 2017 WL 1279227 *2 (5th Cir. Apr. 6, 2017) ............................................................................................................................ 21

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ........................................................... 9

*Ashton v. BAC Home Loans Servicing, L.P.*, 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ........................................................................................................................... 10

*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) ............................................................................... 15

*Bennett v. JPMorgan Chase*, No. 3:12-cv-212, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012) ........................................................................................................................................ 14

*Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *4 (Tex.App. Aug.30, 2012) .......................................................................................................... 13

*Bierwirth v. TIB-The Indep. Bankersbank*, 2012 WL 3239121, at *4 (Tex. App.—Austin 2012, no pet.). ..................................................................................................................................... 19

*Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011 WL 3568206, at *4–5 (S.D.Tex. Aug.15, 2011) ............................................................................................................................ 10

*Burney v. Citigroup Global Markets Realty Corp.,* 244 S.W.3d 900 (Tex.App.—Dallas 2008) 16, 21

*Cannon v. JPMorgan Chase Bank, N.A.*, 4:11–CV–458, 2011 WL 6838615, at *5 (E.D.Tex. Nov.16, 2011) ........................................................................................................................... 12

*Castle Mortg. Corp. v. GMAC Mortg., LLC*, No. 3:12-CV-1969, 2013 WL 5299298, at *4 (N.D. Tex. Sept. 20, 2013) .................................................................................................................. 15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 8

*Christiana Trust v. Jacob*, , 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing TEX. PROP. CODE § 51.002) ............................................................................................................ 19

*Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11–CV–1833–M–BK, 2012 WL 555194, at *2 (N.D.Tex. Jan.23, 2012) ........................................................................................................... 14

*Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167 (5th Cir. 1990) ................................................................................................................................. 15

*Cross v. Cummins Engine Co.*, 993 F.2d 112 (5th Cir. 1993) ......................................................... 9

*Darocy v. Chase Home Fin., LLC*, No. 3:10–CV–1259–L, 2012 WL 840909, at * 10 (N.D.Tex. Mar.9, 2012) ............................................................................................................................. 14

*EEOC v. Chevron Phillips*, 570 F.3d 606 (5th Cir. 2009) ............................................................. 9

*EverBank, N.A. v. Seedergy Ventures, Inc.,* 499 S.W.3d 534 (Tex. App.–Houston [14th Dist.] 2016, no pet.) ........................................................................................................................... 11

*Hill v. Wells Fargo Bank,* N.A., No. V–12–11, 2012 WL 2065377, at *7–8 (S.D.Tex. June 6, 2012) ........................................................................................................................................ 10

*Holloway v. Wells Fargo Bank, N.A.,* No. 3:12-cv-2184, 2013 WL 1187156 at *7 (N.D. Tex. Feb. 26, 2013). ......................................................................................................................... 13

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014) ......................................................................................................................... 19

*Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355 (Tex. App.—Dallas 2007, pet. denied) .................................................................................................................................................. 17

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ................................................................ 9

*Marquis Acquisitions, Inc. v. Steadfast Ins.*, 409 S.W.3d 808, 813-14 (Tex. App.—Dallas, 2013, no pet.) .................................................................................................................. 17
*Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ................................................. 9
*Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561 (Tex.App.—Amarillo 2013, pet. denied)........................................................................................................................... 10
*Patton v. Poterfield*, 411 S.W. 3d 147 (Tex. App.—Dallas 2013, pet. denied)........................... 18
*Peterson v. Black*, 980 S.W.2d 818 (Tex. App.–San Antonio 1998, no writ) ............................. 11
*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455 (5th Cir. 1998)............................................ 9
*Ramsey v. Henderson*, 286 F.3d 264 (5th Cir. 2002).................................................................... 9
*Reardean v. CitiMortgage, Inc.*, No. A–11–CA–420–SS, 2011 WL 3268307, at *3 (W.D.Tex. July 25, 2011)........................................................................................................................ 13
*Rinard v. Bank of Am.*, 349 S.W.3d 148 (Tex. App.—El Paso 2011, no pet.) ............................ 17
*Rucker v. Bank of Am., N.A.,* 806 F.3d 828 (5th Cir. 2015)........................................................ 10
*Sawyer v. Mortgage Elec. Registration Sys., Inc.,* No. 3–09–CV2303–K, 2010 WL 996768, at *3 (N.D.Tex. Feb.1, 2010)..................................................................................................... 14
*Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429 (Tex. App.—Houston [1st Dist.], 2015, no pet.) .................................................................................................................................. 18
*Turner v. Baylor Richardson Med. Center*, 476 F.3d 337 (5th Cir. 2007) .................................... 9
*Tyler v. Bank of America, N.A.,* No. SA-12-CV-00909, 2013 WL 1821754, at *3 (S.D. Tex. April 29, 2013) .............................................................................................................................. 13
*Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155 (Tex. App.–Texarkana 1994)........... 11

**Statutes**

Tex. Const. art. XVI, § 50(a)(6).............................................................................................. 6, 21
Tex. Const. art. XVI, § 50(a)(6)(D) ............................................................................... 18, 19, 20
TEX. PROP. CODE § 51.0001(4)(A),(C) ................................................................................ 13, 14
TEX. PROP. CODE § 51.002 .................................................................................. 10, 13, 17, 19, 20
TEX. PROP. CODE § 51.002(e) .................................................................................................... 20
TEX. PROP. CODE § 51.0025....................................................................................................... 12
TEX. PROP.CODE § 51.0001(4)(C) ............................................................................................. 12
TEX. PROP.CODE §§ 51.002(b).................................................................................................. 12

**Rules**

56 of the Federal Rules of Civil Procedure................................................................................ 5, 8
Fed. R. Civ. P. 56(c) ...................................................................................................................... 8
Tex. R. Civ. P. 735.3.................................................................................................................... 18
Tex. R. Civ. P. 736....................................................................................................................... 19

Pursuant to 56 of the Federal Rules of Civil Procedure, CENLAR FSB, its successors and assigns, ("Cenlar" or "Defendant") files this Motion for Summary Judgment requesting that the Court enter summary judgment on Plaintiff's claims and Cenlar's counterclaims [Docs. 1-2 and 6]. In support of the foregoing, Cenlar respectfully shows the Court the following:

## I. PROCEDURAL BACKGROUND AND SUMMARY

1. Although Plaintiff Jeanie Hicks ("Plaintiff") failed to make her mortgage payments for a little over nine (9) years, she nonetheless filed this meritless lawsuit on March 2, 2020 to stop the foreclosure of the property commonly known as 4403 Ebbtide Drive, Houston, Texas 77045 ("Property"). Plaintiff's Original Petition (the "Complaint") is styled *Jeanie Hicks v. Cenlar F.S.B.*; Cause No. 2020-13548, in the 190th District Court of Harris County, Texas.

2. On May 12, 2020, Defendant removed this case to the present court based on the Court's diversity jurisdiction.

3. On June 16, 2020, Defendant filed its Counterclaim. [Doc. 6].

4. The Court entered an Amended Scheduling Order on February 18, 2021 [Doc. 16] re-setting the dispositive motions deadline on or before August 4, 2021. This matter was set for jury trial on October 11, 2021.

5. Defendant filed a counterclaim seeking the Court enter an order allowing the foreclosure of the Property pursuant to Article 16, Section 50(a)(6) of the Texas Constitution. Defendant's evidence conclusively establishes that Plaintiff breached the terms of the loan agreement and proper notices of default and acceleration were provided under the Deed of Trust and Texas Property Code. Plaintiff's claims for violations of the Texas Property Code, Texas Business & Commerce Code, and Texas Finance code as well as declaratory judgment all fail as a matter of

law due to the incontrovertible summary judgment evidence. Further, Defendant is entitled to judgment on its counterclaim for foreclosure based upon the summary judgment evidence.

## II. STATEMENT OF FACTS

6.     On or about March 14, 2006, Plaintiff Jeanie Hicks ("Plaintiff", "Hicks" or "Obligor") executed a Texas Home Equity Note ("Note") in the principal amount of $15,000.00. Concurrently with the execution of the Note, Hicks executed a Deed of Trust ("Deed of Trust")(the Note and Deed of Trust being collectively referred to as the "Loan Agreement"), which secured repayment of the Note by placing a lien on certain real property and improvements located in Harris County, 4403 Ebbtide Drive, Houston, Texas 77045 ("Property") and is legally described as:

>  **LOT SEVEN (7) IN BLOCK EIGHT (8) OF PAMELA HEIGHTS, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 50, PAGE 74 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

7.     The Note requires Plaintiff to make monthly principal and interest payments on the first day of each month in the amount of $154.32 beginning on April 20, 2006, and continuing each month until paid in full. *See* Exhibits A and A-1. The Note provides that Plaintiff will be in default if she does not pay the full amount of each payment on the date the payment is due. *Id.* If Plaintiff defaults, the Note permits the acceleration of the maturity date of the Note, in which event the remaining unpaid balance becomes immediately due and payable in full. *Id.*

8.     Contemporaneous with the execution of the Note, Plaintiff executed the Texas Home Equity Security Instrument ("Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note. *See* Exhibit A-2. The Deed of Trust provides that Plaintiff shall pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note. *Id.* The Deed of Trust authorizes Cenlar, as mortgage servicer, to accelerate

6

the maturity date of the Note, and to foreclose on the Property pursuant to a court order, should Plaintiff default. U.S. Bank National Association as Trustee for CRMSI REMIC 2006-03-REMIC Pass-Through Certificates Series 2006-03 ("U.S. Bank") is the holder of the Note and beneficiary of the Deed of Trust. Specifically, on February 10, 2015 Citibank, N.A. executed an assignment into U.S. Bank, which was recorded in the Harris County public records on February 16, 2015 under Instrument No. 20150062359. *See* Exhibit A-4.

9. According to Cenlar's records, Plaintiff materially breached her loan agreement by failing to make her scheduled monthly payments. A notice of default was mailed to Plaintiff yet she failed to cure the default. Consequently, the debt was accelerated and posted for the March 3, 2020 sale. *See* Exhibit B-1. After Plaintiff filed this lawsuit and the case was removed to this Court, a new notice of demand was mailed in light of the Fifth Circuit's holding in the *Rob* case. *See* Exhibit A-6; see also *Wilmington Trust, National Association v. Rob*, 891 F.3d 174 (5th Cir. 2018). The Loan Agreement is currently due and owing for the December 20, 2011 payment and all subsequent payments. *See* Exhibit A. The amount required to pay off the lien through January 29, 2021, was at least $34,675.60 with a per diem rate of $2.65.

### III.  SUMMARY JUDGMENT EVIDENCE

10. Defendant attaches hereto and incorporates by reference the following exhibits in support of its Motion for Summary Judgment:

**Exhibit A**   Declaration of mortgage servicer Cenlar FSB ("Ex. A") is incorporated herein by reference, and authenticates the following exhibits referenced therein:

| | |
|---|---|
| Exhibit A-1: | Note |
| Exhibit A-2: | Deed of Trust |
| Exhibit A-3: | Assignment |
| Exhibit A-4: | Notice of Default dated May 13, 2020 |
| Exhibit A-5: | Payoff Quote |
| Exhibit A-6: | Notice of Default dated July 21, 2011 |

**Exhibit B**	Declaration of Barrett Daffin Frappier Turner & Engel ("BDFTE") Representative
        Exhibit B-1:	Notice of Sale
        Exhibit B-2:	Rescission of Acceleration dated September 2, 2015
**Exhibit C**	Attorney Fee Affidavit

### IV. ARGUMENTS AND AUTHORITIES

#### A.  Standard of Review

10.  Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

11.  If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).

12.  The non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d

8

337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are also not adequate to satisfy the non-movant's burden. *Little*, 37 F.3d at 1079; *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Pleadings are not competent summary judgment evidence. *Little*, 37 F.3d at 1075. A "district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion." *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009). The court does not have to sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**B.    Plaintiff's Texas Property Code Violation Claim Fails**

13.    Plaintiff alleges Cenlar failed to give her proper notice because all lien transfers were not timely recorded prior to acceleration. [Doc. 1-2, at ¶ 21]. However, she fails to cite to the specific statute Cenlar purported violated. Notwithstanding, her claim fails.

14.    The notice provision referenced by Plaintiff is found in § 51.002 of the Texas Property Code. However, Section 51.002 of the Texas Property Code does not provide the Plaintiff private right of action. *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 (5th Cir. 2015). While the Texas Supreme Court has yet to decide this issue, various federal courts have addressed this issue and have opined that section 51.002 does not contain its own enforcement mechanism. *Ashton v. BAC Home Loans Servicing, L.P.*, 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013)(citing *Hill v. Wells Fargo Bank,* N.A., No. V–12–11, 2012 WL 2065377, at *7–8 (S.D.Tex. June 6, 2012) (Rainey, J.); *Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011 WL 3568206, at *4–5 (S.D.Tex. Aug.15, 2011) (Rosenthal, J.)). Accordingly, federal courts have construed claims under Chapter 51 as wrongful foreclosure claims. *See Carey,* 2016 WL 4246997, at *3;

*Bittinger v. Wells Fargo Bank, N.A.,* No. H-10-1745, 2011 WL 3568206, at *4 (S.D. Tex. Aug. 15, 2011).

15. Plaintiff has not pled a wrongful-foreclosure claim but instead maintains that subsection confers an independent private cause of action. Notwithstanding, to succeed on a claim for wrongful foreclosure Plaintiff must plead and prove three elements: (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 569 (Tex.App.—Amarillo 2013, pet. denied). In fact, Plaintiff's Original Petition was filed on March 2, 2020 and sought a restraining order *preventing* the March 3, 2020 foreclosure sale. *See* Exhibit B-1. Consequently, at the time of filing there could not have been a wrongful foreclosure.

16. Furthermore, there is no cause of action in Texas for attempted wrongful foreclosure. See *EverBank, N.A. v. Seedergy Ventures, Inc.,* 499 S.W.3d 534, 544 (Tex. App.–Houston [14th Dist.] 2016, no pet.); *Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 159 n.2 (Tex. App.–Texarkana 1994), writ denied sub nom; *United Sav. Ass'n of Tex. v. Wieler*, 907 S.W.2d 454 (Tex. 1995). The reason Plaintiff cannot succeed on "attempted wrongful foreclosure" is because without the foreclosure sale actually having occurred, Plaintiff has not suffered any damage. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.–San Antonio 1998, no writ) (stating that where the mortgagor's possession is undisturbed, the mortgagor has suffered no compensable damage in action for wrongful foreclosure). Plaintiff failed to provide any evidence that the foreclosure sale occurred or that such foreclosure sale caused her damage. Consequently, Plaintiff is unable to provide any summary judgment evidence to support her claim of wrongful foreclosure, and Cenlar is entitled to summary judgment on Plaintiff's claim.

C. **Plaintiff's Texas Business & Commerce Code Violation Fails**

17. Plaintiff argues that Cenlar violated the Texas Business & Commerce Code because it failed to produce the original note with all allonges, transfers and assignments. [Doc. 1-2, at ¶ 26.]. Plaintiff's claim amounts to a "show-me-the-note" argument, which has been wholly rejected by both federal and Texas state courts.

18. "Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note." *Cannon v. JPMorgan Chase Bank, N.A.,* 4:11–CV–458, 2011 WL 6838615, at *5 (E.D.Tex. Nov.16, 2011) (collecting cases); *see also* TEX. PROP. CODE §§ 51.002(b), (d), 51.0025. Courts "have roundly rejected [the show-me-the-note] theory." *Wells v. BAC Home Loans Servicing, L.P.,* W–10–CA–00350, 2011 WL 2163987, at *2 (W.D.Tex. Apr.26, 2011); *see also Reardean v. CitiMortgage, Inc.,* A–11–CA–420–SS, 2011 WL 3268307, at *3 (W.D.Tex. July 25, 2011). In order to foreclose under Texas law, the mortgagee need only provide: (1) notice of default, with an opportunity to cure, and (2) notice of the actual foreclosure sale. *See* TEX. PROP. CODE §§ 51.002(b), (d), 51.0025. A mortgagee under Texas law is defined, *inter alia,* as "the last person to whom the security interest has been assigned of record." TEX. PROP.CODE § 51.0001(4)(C).

19. Here, Cenlar, as mortgage servicer for U.S. Bank, is qualified as mortgagee. The summary judgment evidence clearly shows that U.S. Bank was the last entity to whom the security interest had been assigned of record. *See* Exhibit A-3. There is no requirement under Texas law that U.S. Bank hold the Note. Notwithstanding, the summary judgment evidence establishes that U.S. Bank also holds the Note. *See* Exhibit A. Plaintiff's claim based on a requirement that the foreclosing party hold the Note thus fail as a matter of law.

**D.     Plaintiff's Texas Finance Code Violation Claim Fails**

20.     Again, Plaintiff argues that Cenlar violated Texas Finance Code §§ 392.303 and 392.304 because it has no evidence that it is the holder in due course and holder of the Note. [Doc. 1-2, at ¶ 28]. This claim fails for the same reasons set forth above.

21.     Additionally, "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Holloway v. Wells Fargo Bank, N.A.,* No. 3:12-cv-2184, 2013 WL 1187156 at *7 (N.D. Tex. Feb. 26, 2013). "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." *Tyler v. Bank of America, N.A.,* No. SA-12-CV-00909, 2013 WL 1821754, at *3 (S.D. Tex. April 29, 2013) (citing *Aguero v. Ramirez,* 70 S.W.3d 372, 374 (Tex.App.2002)). Thus, the right to recover on the promissory note and the right to foreclose may be enforced separately. *See Stephens v. LPP Mortg.,* 316 S.W.3d 742, 747 (Tex.App.2010) (finding that the promissory note and the lien which secures it are "separate legal obligations" that "may be litigated in separate lawsuits"); *Carter v. Gray,* 125 Tex. 219, 81 S.W.2d 647, 648 (Tex.1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien."). Foreclosure is an independent action against the collateral and may be conducted without judicial supervision. *Bierwirth v. BAC Home Loans Servicing, L.P.,* No. 03–11–00644–CV, 2012 WL 3793190, at *4 (Tex.App. Aug.30, 2012) (citing *Reardean v. CitiMortgage, Inc.,* No. A–11–CA–420–SS, 2011 WL 3268307, at *3 (W.D.Tex. July 25, 2011)).

22.     "The Texas Property Code allows mortgagees and mortgage servicers to conduct a nonjudicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract

lien." *Holloway,* 2013 WL 1187156 at *7 (citing TEX. PROP. CODE § 51.002). "The Code defines mortgagee as 'the grantee, beneficiary, owner, or holder of a security instrument,' or 'if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.'" *Id.* (citing TEX. PROP. CODE § 51.0001(4)(A),(C)). It defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.*

23. "Courts have held that the Texas Property Code does not require a mortgagee to produce proof of ownership of the original note or deed of trust before conducting a non-judicial foreclosure sale." *Holloway,* 2013 WL 1187156 at *7 (citing *Bennett v. JPMorgan Chase,* No. 3:12-cv-212, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012); see also *Darocy v. Chase Home Fin., LLC,* No. 3:10–CV–1259–L, 2012 WL 840909, at * 10 (N.D. Tex. Mar.9, 2012) (citations omitted); *Cole v. Fed. Home Loan Mortg. Corp.,* No. 3:11–CV–1833–M–BK, 2012 WL 555194, at *2 (N.D. Tex. Jan.23, 2012), recommendation adopted, 2012 WL 556055 (N.D. Tex. Feb.21, 2012). As the statute provides, being the "holder" of a security instrument is only one of several ways to prove mortgagee status. *See* TEX. PROP. CODE § 51.0001(4)(A),(C). A mortgage servicer may also administer a nonjudicial foreclosure sale on behalf of a mortgagee if the two entities enter into a servicing agreement and provide the borrower with certain disclosures. *See id.* § 51.0025. As courts have noted, however, no provision of § 51.0025 "require[s] the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.,* No. 3–09–CV2303–K, 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010), *recommendation adopted,* 2010 WL 996917 (N.D. Tex. Mar.17, 2010); see also *Darocy*, 2012 WL 840909, at * 10 (explaining that § 51.0025 of the Texas Property Code

"contemplates that someone other than the holder of the original [security instrument] may lawfully foreclose on the security interest").

24. Accordingly, Plaintiff's allegation that Defendant was required to produce the original note prior to foreclosing cannot support Plaintiff's claim as a matter of law. *Holloway,* 2013 WL 1187156 at *8. To the extent she bases her claim for violation of the Texas Finance Code on these allegations, Plaintiff fails to state a claim for which relief can be granted and her claim must be dismissed.

**E.     Plaintiff's Declaratory Judgment Claim Fails**

25. Plaintiff seeks relief under the Texas Declaratory Judgment Act asking the Court to "declare that any attempt to foreclose pursuant to the Texas Property Code Section 51.001 et seq is an action to collect a debt and therefore the Defendant must produce the one and only Original Texas Home Equity Security Instrument Note signed by the Plaintiff for inspection by the Plaintiff and or her document examiner prior to proceeding with any foreclosure proceedings." *Petition,* at ¶ 32. Plaintiff also seeks declaratory judgment that Defendant lacks standing to foreclose because it failed to follow procedures to accelerate. *Id.* at ¶ 34. Lastly, Plaintiff seeks declaratory judgment based on her vague allegation that Defendant failed to follow procedures pursuant to the Deed of Trust, Texas Property Code and Texas Rules of Civil Procedure. *Id.* at ¶ 37.

26. The Texas Declaratory Judgment Act does not apply to removed actions. Nonetheless, this Court can construe Plaintiffs' request for declaratory relief as being brought under the federal Declaratory Judgment Act. See *Castle Mortg. Corp. v. GMAC Mortg., LLC*, No. 3:12-CV-1969, 2013 WL 5299298, at *4 (N.D. Tex. Sept. 20, 2013). A request for a declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. E.g., *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003); *Collin Cnty. v. Homeowners Ass'n for Values Essential*

*to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990). Here, Plaintiff has failed to allege an independent and viable cause of action separate from her request for declaratory relief. Plaintiff's request for a declaration based on her show-me-the-note theory is based on an invalid legal theory and should be dismissed. Because Plaintiff failed to plead any cognizable claim against Defendant, this Court should deny Plaintiff's request for declaratory relief.

27. Notwithstanding, the summary judgment evidence establishes Defendant mailed all requisite notices prior to proceeding with foreclosure. *See* Exhibit A-4. Defendant initially mailed a notice of default on July 21, 2011. *See* Exhibit A-5. However, foreclosure counsel mailed a rescission of acceleration on Defendant's behalf on September 2, 2015. *See* Exhibit B-2. No new notice of default and intent to accelerate was mailed out after that 2015 rescission of acceleration. As such, in order to comply with *Rob*, it was necessary to mail new notices of demand. *Wilmington Trust, National Association v. Rob,* 891 F.3d 174, 177 (5th Cir. 2018). Further, case law is clear that acceleration can occur by some other unequivocal action indicating the debt is accelerated such as the filing of the counterclaim in this lawsuit. *Burney v. Citigroup Global Markets Realty Corp.,* 244 S.W.3d 900 (Tex.App.—Dallas 2008). Indeed, paragraph 11 of Defendant's counterclaim filed in this lawsuit includes acceleration language. [Doc. 6, at ¶ 11]. Consequently, the summary judgment evidence conclusively establishes that conditions precedent were satisfied.

**F.**     **Defendant's Breach of Contract Claim**

28. Because of a material breach of the Loan Agreement by Plaintiff, the Defendant, seeks an order allowing non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code, Section 51.002, with respect to all individuals and entities that are obligated for the debt. Because of the material breach of the Note, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month

15

would provide the most practical, efficient, and effective means to enforce U.S. Bank's security interest in the Property. Because the rights, responsibilities, and duties of U.S. Bank and any trustee are well known under Texas Property Code, Section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. A public auction of the Property would be the most expedient means to put the Property back into the stream of commerce, as well as into the housing stock of the community.

29. To obtain foreclosure, a party must demonstrate "that the note was a purchase money note, that some or part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which [the party] seeks to enforce the lien." *See Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.) (*citing Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied)). Further, this is substantially similar to the necessary elements to prove a claim for breach of contract, i.e.: 1) valid contract, 2) performance, 3) breach and 4) damages due to breach. *See Marquis Acquisitions, Inc. v. Steadfast Ins.*, 409 S.W.3d 808, 813-14 (Tex. App.—Dallas, 2013, no pet.)

30. The Note and Deed of Trust constitute a valid contract between the parties. U.S. Bank (through its predecessor in interest) performed its obligations under the Loan Agreement by providing the funds as set forth in the Loan Agreement. U.S. Bank is the holder of the Note and beneficiary of the Deed of Trust. As such, either it or its mortgage servicer, Cenlar, is entitled to enforce the Loan Agreement. *See* Exhibits A, A-1, A-2 and A-4. Plaintiff is in default on her obligation under the loan agreement and has failed to make payments as required. *See* Exhibit A.

31. Defendant seeks to enforce the lien on the Property which is the same as the Property described in the Note and Deed of Trust attached hereto. The summary judgment evidence

conclusively establishes that the Loan is secured by a lien against the Property, that U.S. Bank is the beneficiary of, and the owner and holder of the Note and beneficiary of the Deed of Trust, that Plaintiff failed to pay the amounts due under the Note when due, and Plaintiff is in breach of her loan obligations. Therefore, Cenlar, as mortgage servicer for U.S. Bank, is entitled to a judgment for breach of contract and enforce same through the non-judicial foreclosure of the Property.

**G.    Defendant is Entitled to a Foreclosure Order**

32.    Cenlar, as mortgage servicer for U.S. Bank, is entitled to an order for foreclosure of the Property.  To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, §50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff has been properly served notice of default and acceleration. See Tex. Prop. Code §51.002; *Bierwirth v. TIB-The Indep. Bankersbank*, 2012 WL 3239121, at *4 (Tex. App.—Austin 2012, no pet.).*Christiana Trust v. Jacob*, , 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing TEX. PROP. CODE § 51.002); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014).

33.    In applying the elements of Defendant's judicial foreclosure claim to the facts of this case and the summary judgment evidence, Defendant has established the following:

a)    <u>A debt exists</u>.  On March 14, 2006, Plaintiff executed a Note in the amount of $15,000.00. *See* Exhibit A-1.  The Note required Plaintiff to make monthly principal and interest payment until the Note was paid in full.  Contemporaneous with execution of the Note, Plaintiff executed the Deed of Trust, thereby granting a security interest in the Property to secure repayment of the Note. *See* Exhibit A-2.

b) <u>The debt is secured by a lien created under Art. XVI, §50(a)(6) of the Texas Constitution.</u> As evidenced by the summary judgment evidence, the lien was validly created pursuant to Art. XVI, §50(a)(6) of the Texas Constitution. *See* Exhibits A-1 and A-2. The Deed of Trust specifically set out the parties' intent that the lien is created under Art. 16, §50(a)(6) of the Texas Constitution.[1]

c) <u>Plaintiff is in default under the note and deed of trust</u>. Under the terms of the Note and Deed of Trust, Plaintiff promised to make monthly payments, which consists of principal and interest only. *Id.* Payments are currently due for the December 20, 2011 payment and all subsequent payments. *See* Exhibits a, A-4 and A-6. This failure by Plaintiff to make payments constitutes a breach of the terms of the Note and Deed of Trust.

d) <u>Plaintiff was provided notice of default and acceleration</u>. Pursuant to the Texas Property Code, notice is deemed sufficient when notice of default and acceleration are sent by certified mail to the borrowers. Service of a notice under TEX. PROP. CODE § 51.002 by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. Tex. Prop. Code § 51.002(e). Plaintiff was mailed a notice of default. *See* Exhibit A-6. Further, the loan was effectively accelerated by filing of Defendant's counterclaim. See *Burney v. Citigroup Global Markets Realty, Corp.*, 244 S.W.3d 900, 903 (Tex. App.—Dallas 2008); *see also Alcala v. Deutsche Bank National Trust Company*, No. 16-20609, 2017 WL 1279227 *2 (5th Cir. Apr. 6, 2017).

34. The summary judgment evidence conclusively establishes that the Loan Agreement is a home equity lien pursuant to Texas Constitution, Art. XVI, §50(a)(6), that the loan is secured by

---

[1] The Deed of Trust specifically sets out in bold at the top of the document, "This security instrument secures an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution." *See* Exhibit A-2.

a lien against the Property, that U.S. Bank is the beneficiary of, is the owner and holder of the Note and Deed of Trust, that Plaintiff failed to pay the amounts due under the Note when due, and that Plaintiff was provided notice to cure the default and failed to do so, and Plaintiff is in breach of her loan obligations. Therefore, Cenlar, as mortgage servicer for U.S. Bank, is entitled to judgment for judicial foreclosure.

35. As Plaintiff has refused and failed to remedy the default, Defendant seeks judgment from this Court authorizing a public sale of the Property in accordance with the Note and Deed of Trust. After allowing all just and lawful credits and offsets, as of January 12, 2021, Plaintiff is indebted to U.S. Bank for the following: (1) $34,675.00 with a per diem rate of $7.31; (2) post judgment interest accruing on the balance at the rate of 9.240% per annum until the property is sold at foreclosure sale; (3) attorneys fees' as provided by contract, (4) court costs as determined by the Clerk of the Court; and (5) fees and costs due the Sheriff or Constable's office that conducts the foreclosure sale under TEX. R. CIV. P. 309 if the sale is conducted as a sheriff sale as opp.

36. Cenlar, as mortgage servicer for U.S. Bank, requests that it be allowed to credit bid toward the purchase of the Property. The credit bid toward the purchase of the Property may not exceed the cumulative amount set forth above. However, Defendant may bid a lesser amount at its discretion.

**H. Attorney's Fees**

37. Cenlar has incurred attorneys' fees as a result of this lawsuit. Under general Texas contract law, a party may recover attorney's fees when such recovery is provided for by statute or contract. *Huston v. U.S. Bank Nat'l Assoc.,* 988 F.Supp.2d 732, 741 (S.D. Tex. 2013). Here, the Deed of Trust specifically provides that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs,

reasonable attorneys' fees and costs of title evidence." *See* Exhibit A-2, at ¶21. Accordingly, Cenlar attaches an Affidavit of Attorney's Fees and asks the Court to award these fees. *See* Exhibit C.

## V.  CONCLUSION

Pursuant to the reasons set out herein, Defendant respectfully requests the Court grant its Motion for Summary Judgment dismissing Plaintiff's claims with prejudice and granting Defendant's claim for breach of contract and foreclosure. Defendant further requests the Court grant it all such other and further relief, in law or in equity, to which it may be justly entitled.

Respectfully Submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

  */s/ Crystal Gee Gibson*
Crystal Gee Gibson, *Attorney-in-Charge*
State Bar No. 24027322
SD No. 706039
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following via the method indicated below:

VIA E-SERVICE: JHICKS4403@GMAIL.COM
Jeanie Hicks
4403 Ebbtide Drive
Houston, Texas 77045

  */s/ Crystal G. Gibson*
Crystal G. Gibson