# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JEANIE HICKS** | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:20-cv-1661** |
| | § | |
| **CENLAR FSB,** | § | |
| Defendants. | § | |

## DECLARATION OF REPRESENTATIVE OF CENLAR FSB

1. "My name is Diane McCormick. I am over the age of twenty-one (21), have never been convicted of a felony or crime involving moral turpitude and am fully competent to provide this testimony.

2. I am employed by Cenlar FSB ("Cenlar") as Vice President – Document Execution. Cenlar is the mortgage subservicer of the loan secured by property located at 4403 Ebbtide Drive, Houston, Texas 77045 (the "Property"). CitiMortgage Inc. is the servicer and U.S. Bank National Association as Trustee for CRMSI REMIC 2006-03-REMIC Pass-Through Certificates Series 2006-03 ("U.S. Bank" or "Mortgagee") is the mortgagee and beneficiary of the Deed of Trust. I am authorized to make this declaration on behalf of Cenlar.

3. I make this declaration based on my personal knowledge of the facts contained herein and/or my own personal review of the relevant Servicing Records for this Loan, attached.

4. In the regular performance of my job functions, I have access to and am familiar with relevant business records maintained by the Cenlar for the purposes of servicing mortgage loans. I have personal knowledge of the manner in which these business records are created. These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of the occurrence of the matters set forth by, or from information provided by persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by Cenlar. It is the regular practice of the Cenlar to make such records. To the extent records come from another entity, those records were received by Cenlar in the ordinary course of its business, have been incorporated into and are maintained as part of Cenlar's business records, and have been relied on by Cenlar. In connection with making this Affidavit, I reviewed and relied on those business records concerning the Loan.

5. I have reviewed the Exhibits attached to this declaration and have confirmed that they are true and accurate copies of the records maintained in the Servicing Records. Cenlar completes tasks such as communicating with the borrower. Cenlar accepts and applies payments to the Loan. If the Loan is escrowed or in default, Cenlar may advance taxes, insurance, and other items. Cenlar reviews loans for loss mitigation, retains counsel on behalf of Plaintiff to

commence foreclosure actions, communicates with counsel for Plaintiff and negotiates settlement of pending litigation related to the loans Cenlar services. Cenlar also communicates with the Plaintiff and its agents regarding note possession.

commence foreclosure actions, communicates with counsel for Plaintiff and negotiates settlement of pending litigation related to the loans Cenlar services. Cenlar also communicates with the Plaintiff and its agents regarding note possession.

6. Cenlar's servicing records for the Loan include true and correct copies of imaged documents related to the Loan in an electronic database (the "Servicing Records"). The database contains complete and correct copies of documents such as the original Mortgage, Note, and Assignment(s) of Mortgage. The database comprising the Servicing Records also contain true and correct copies of the pre-foreclosure notices mailed to the borrower, payoff letters, reinstatement letters, solicitation letters mailed to the borrowers, loan modification applications, and other related documents to the loans Cenlar services.

7. Cenlar's Servicing Records also include notations in a computer system detailing activities, events, and important information pertaining to the related Loan. Based on my training and my knowledge of the processes by which Cenlar's Servicing Records are created and maintained, Cenlar's Servicing Records are made at or near the time by, or from information provided by persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by Cenlar. It is the regular practice of Cenlar's mortgage servicing business to make and update its Servicing Records and rely on the Servicing Records in conducting its business.

4. On or about March 14, 2006, Plaintiff Jeanie Hicks ("Borrower") executed a Texas Home Equity Note in the amount of $15,000.00. A true and correct copy of the Note is attached hereto as **Exhibit A-1** and is incorporated herein for all purposes.

5. To secure the Borrower's payment obligations under the Note, Borrower executed a Texas Home Equity Security Instrument granting a first lien security interest in the Property. A true and correct copy of the Texas Home Equity Security Instrument is attached hereto as **Exhibit A-2** and is incorporated herein for all purposes.

6. Mortgagee is the beneficiary of the Texas Home Equity Security Instrument pursuant to Assignment. A true and correct copy of the Assignment recorded in the official public records of Harris County, Texas is attached hereto as **Exhibit A-3** and is incorporated herein for all purposes.

7. Based on the records of Cenlar, Borrower failed to make the payments due under the Note. On May 13, 2020, a Notice of Default was sent to Borrower by certified mail to her last known address. A true and correct copy of the Notice of Default is attached hereto as **Exhibit A-4** and is incorporated herein for all purposes.

8. Borrower was also mailed a Notice of Default by certified mail to her last known address July 21, 2011. A true and correct copy of the July 21, 2011 Notice of Default is attached hereto as **Exhibit A-5** and is incorporated herein for all purposes.

9. According to Cenlar's records, the Loan is due for the December 20, 2011 payment and all subsequent payments. The total accelerated amount that is due to pay off the

loan as of January 29, 2021, was at least $34,675.60 with a per diem rate of $2.65. A true and correct copy of the payoff quote is attached hereto as **Exhibit A-6.**

10. Pursuant to 28 U.S.C (S) 1746, I declare under penalty of perjury that the foreclosing is true and correct.

Executed on this the 5th day of May, 2021.

_Diane McCormick_
Signature

Diane McCormick
Name

Vice President – Document Execution
Title