UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANIE HICKS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1661 |
| | § | |
| CENLAR FSB, | § | |
|     Defendants. | § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND JUDICIAL FORECLOSURE JUDGMENT**

After considering CENLAR FSB's, its successors and assigns ("Cenlar" or "Defendant") Motion for Summary Judgment (the "Motion"), pleadings, and evidence on file the Court GRANTS the Motion.

1. IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED;

2. IT IS FURTHER ORDERED that Cenlar, its successors or assigns, is entitled to a Judicial Foreclosure Judgment (hereinafter "Judgment") allowing it to proceed with a judicial foreclosure sale under the terms of the Deed of Trust, TEX. PROP. CODE § 51.002, Texas Rule of Civil Procedure 309, and applicable law with respect to the secured Property made the subject of this proceeding;

3. IT IS FURTHER ORDERED this Judgment serves as an order authorizing Cenlar, its successors or assigns to judicially foreclose its lien in compliance with Texas Constitution art. XVI § 50(a)(6);

4. IT IS FURTHER ORDERED that the mailing address of the property sought to be foreclosed is 4403 Ebbtide Drive, Houston, Texas 77045 (the "Property"), which is more particularly described as:

> LOT SEVEN (7) IN BLOCK EIGHT (8) OF PAMELA HEIGHTS, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 50, PAGE 74 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

5. IT IS FURTHER ORDERED Plaintiff is obligated for the Loan Agreement defaulted, and the default has not been cured. The amount owed by Plaintiff to Cenlar under the Loan Agreement is at least $34,675.00 as of January 12, 2021, with interest accruing at the per diem rate of $7.31 through the date of this Order. Pursuant to Texas Finance Code §304.002, post-judgment interest shall accrue on the balance at a rate of 9.240% as evidenced by the Note. Cenlar, its successors or assigns is awarded attorney's fees and costs in the amount of $5,523.68 as provided by the Loan Agreement to be added on to the foreclosure amount. Cenlar, or its successors or assigns, will have a credit bid toward the purchase of the Property that may not exceed the amount stated above. However, Cenlar, or its successors or assigns, may bid a lesser amount at his discretion.

6. IT IS FURTHER ORDERED that Cenlar, its successors or assigns recover the amount owed under the Loan Agreement with a foreclosure of the Loan Agreement against the Property and an order of sale shall issue to any Sheriff or Constable within the State of Texas directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the Judgment.

7. IT IS FURTHER ORDERED this Judgment shall have all the force and effect of a writ of possession as between the Parties to this suit and also as to any person claiming a right in the Property under Defendants that was acquired pending this suit. The Sheriff, Constable, or other officer executing this Judgment sale shall proceed by virtue of such Judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale.

8. IT IS FURTHER ORDERED if the proceeds of sale are insufficient to satisfy the Judgment, the Sheriff or Constable may not execute against any real or personal property of the Plaintiffs.

9. IT IS FURTHER ORDERED the Order of Sale shall provide that Cenlar, its successors or assigns, have a credit bid not to exceed cumulative amounts stated in paragraph 5, which may be exercised at Cenlar, its successors or assigns' discretion as its bid price for the Property at the judicial foreclosure sale.

10. IT IS FURTHER ORDERED if the Plaintiff, within 30 days after the date of the Judgment, fail to pay to Cenlar, its successors or assigns, the full amount due at time of Judgment, plus reasonable fees, costs and charges due under the Deed of Trust and costs of Court, the Property shall be sold in accordance with Rule 309 of the Texas Rules of Civil Procedure at public auction to the highest bidder.

11. IT IS FURTHER ORDERED if the Property is sold for cash, the Sheriff or Constable conducting the sale shall deduct out of the proceeds of the foreclosure sale his/her reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the terms of the Deed of Trust.  If the Property is sold to the mortgagee pursuant to a credit bid, Cenlar, its successors or assigns must pay the Sheriff or Constable his/her reasonable fees and costs before recording the foreclosure deed. If any sales proceeds remain, they may be distributed then to inferior lienholders in order of lien priority and then to Plaintiff in compliance with applicable law.

12. IT IS FURTHER ORDERED Plaintiff and all persons claiming under the Plaintiff shall be barred from any equity of redemption to the encumbered Property or any part of it, subject to Paragraph 10 above.

13. IT IS FURTHER ORDERED that Plaintiff's claims are dismissed with prejudice and Plaintiff takes nothing against Defendant; and

14. IT IS FURTHER ORDERED this is a final judgment that disposes of all claims and all parties, and all relief not expressly granted is denied.

SIGNED THIS \_\_\_\_ day of _____, 2021.