United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANIE HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-1661 |
| | § | |
| CENLAR FSB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant's pending Motion for Summary Judgment (Document No. 25) has been referred to the undersigned Magistrate for a memorandum and recommendation. Having considered the motion, the absence of a response to the motion, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 25) be GRANTED in PART.

## I.     Background

This is a mortgage/foreclosure case, filed by Plaintiff Jeanie Hicks ("Hicks") *pro se* in state court on March 2, 2020, against Cenlar F.S.B.. the alleged servicer of Hicks' mortgage on the property located at 4403 Ebbtide Drive, Houston, Texas 77045 (referred to hereafter as "the Property").  The case was timely removed to this Court on the basis of diversity.

In the state court petition, which has not been amended following the removal of this case, Hicks alleged four claims against Cenlar: for violations of the Texas Property Code; for violations of the Texas Business and Commerce Code; for violations of the Texas Finance Code; and for

declaratory relief.[1]  Those claims are generally based on Hicks' allegations that Cenlar has not shown itself to be the holder of the note, that the original note has not been produced by Cenlar, and that Cenlar did not provide her the with required notices prior to seeking to foreclose on the Property.   Cenlar has filed a Counterclaim, seeking an Order allowing it to foreclose on the Property.

Cenlar filed a Motion for Summary Judgment on all of Hicks' claims, and on its own Counterclaim.  To this date, over four months after the motion was filed, no response has been filed by Hicks in opposition.  As such, the Motion for Summary Judgment is ripe for ruling, and the summary judgment evidence submitted therewith is uncontroverted.

## II.     Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted.  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*,

---

[1] Hicks' state court petition also makes passing reference to causes of action for "common law fraud," "breach of contract and failure of condition precedent," and "violation of RESPA [Real Estate Settlement Procedures Act]," but without any factual support whatsoever.

2

144 F.3d 377, 380 (5th Cir. 1998).[2]   A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *Celotex*, 106 S. Ct. at 2548.  Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  *Id.*  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  *Anderson*, 106 S. Ct. at 2513.

## III.    Discussion

The summary judgment evidence shows that Hicks, on March 14, 2006, obtained a home equity loan on the Property in the amount of $15,000.00 from Citicorp Trust Bank FSB, and executed in connection therewith a Texas Home Equity Security Instrument (Document Nos. 25-2

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim."  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

and 25-3).  The loan note had a fifteen year term, requiring Hicks to make a monthly payment of $154.32 (Document No. 25-2 at 2-3).  Hicks admits in her pleading that she fell behind in her payments after she "experienced a financial hardship, resulting in expenses and diminished income making mortgage payments burdensome."  State Court Petition (Document No. 1-2 at 5.).  Hicks has not made a payment on the loan since December 2011.  Declaration of Diane McCormick ¶ 9 (Document No. 25-1 at 3-4).  On February 10, 2015, the Texas Home Equity Security Instrument on the Property  was assigned by Citibank, N.A., the successor in interest to Citicorp Trust Bank FSB, to US Bank National Association as Trustee for CRMSI Series 2006-03 - REMIC Pass-Through Certificates Series 2006-03 (Document No. 25-4).  That assignment was recorded in the Harris County Public Records on February 16, 2016 (Document No. 25-4 at 4).  On May 13, 2020, Cenlar, as mortgage  servicer for US Bank, sent Hicks, at the Property address, a Notice of Default and Intent to Accelerate (Document No. 25-5).  No foreclosure has taken place.

Each of Hicks' claims is defeated by the absence of any supporting summary judgment evidence in the record.  There is no summary judgment evidence to support Hicks's claims, or her allegations, that she has not been provided with the required notices prior to the Property being posted for foreclosure or that Cenlar has somehow violated the Texas Business and Commerce Code or the Texas Finance Code.  In addition, the uncontroverted summary judgment evidence in the record is that Cenlar is the loan servicer for US Bank, which holds the note and Security Instrument pursuant to an assignment of such in 2015.  Because Hicks has not come forth with **any** summary judgment evidence to support any of her claims, Cenlar is entitled to summary judgment on those claims.

4

As for Cenlar's Motion for Summary Judgment on its Counterclaim, Cenlar's motion fails for essentially the same want of summary judgment evidence.  As set forth by Cenlar in its Motion for Summary Judgment, to be entitled to an Order of foreclosure, it must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff has been properly served notice of default and acceleration."  Cenlar's Motion for Summary Judgment at 17 (Document No. 25 at 17).  While there is uncontroverted summary judgment evidence in the record that a debt exists, that the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution, and that Hicks is in default under the note and security instrument, there is no summary judgment evidence that Hicks was provided a "Notice of Acceleration."  There is a Notice of Default and Intent to Accelerate, sent to Hicks on May 13, 2020 (Document No. 25-5), but there is no summary judgment evidence in the record that a separate Notice of Acceleration *was sent to Hicks*.  *See Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018) ("Unless a lender provides both forms of notice [a notice of intent to accelerate and a notice of acceleration], it may not foreclose."); *Suniverse, L.L.C. v. Encore Credit Corp.*, No. 21-20072, 2021 WL 4047462, at *2 (5th Cir. Sept. 3, 2021) ("Before lenders can foreclose, they must provide "clear and unequivocal" notices of intent to accelerate and notices of acceleration.").  The exhibit Cenlar points to and relies upon as evidence that Hicks was sent a Notice of Acceleration is a Notice of Acceleration was *sent to Bernice and Leroy Greer in 2017 **- not to Hicks*** (Document No. 25-7).  In the absence of evidence it sent Hicks a Notice of Acceleration, Cenlar is, on this record, not entitled to summary judgment on its Counterclaim seeking an Order of foreclosure.

IV.     **Conclusion and Recommendation**

Based on the foregoing and the conclusion that Plaintiff Jeanie Hicks has not come forth with any summary judgment evidence that supports any of her claims, and that the record does not contain the requisite summary judgment evidence for Defendant Cenlar to prevail, in a summary judgment context, on its counterclaim, the Magistrate Judge

RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 25) be GRANTED in PART, with summary judgment being granted to Defendant on all of Plaintiffs' claims, and summary judgment being denied on Defendant's counterclaim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 29th day of November, 2021.

Frances H. Stacy
United States Magistrate Judge

6