UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANIE HICKS<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:20-cv-1661 |
| CENLAR FSB,<br>　　Defendants. | §<br>§<br>§ | |

**DEFENDANT'S OBJECTION TO MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Section VI. of the Memorandum and Recommendation of United States Magistrate Judge [Doc. 29] (hereinafter "Report") dated November 29, 2021, Defendant Cenlar FSB ("Cenlar) files its Objection to Section III with regard to said Report as it relates to the Magistrate's finding the Cenlar did not prove acceleration of the debt and respectfully shows the Court the following:

**I. Summary**

1.　　In Section III of the Report, the Magistrate states "the exhibit Cenlar points to and relies upon that Hicks was sent a Notice of Acceleration is a Notice of Acceleration that was sent to *Bernice and Leroy Greer in 2017* – **not to Hicks** (Document 25-7)." [Doc. 29, at P. 5]. Document 25-7 was erroneously included as Exhibit A-6 to Cenlar's Motion for Summary Judgment and should have been a 2011 notice of default mailed to Hicks. Notwithstanding, Document 25-7 was superfluous and not the exhibit Cenlar relies on in support that Hicks was sent a notice of acceleration. Instead, Cenlar relies on the filing of its counterclaim in this case which serves as notice to Hicks of acceleration of the debt. [Doc. 25, P. 18 at ¶ 33(d)].

## II. Objection to Magistrate's Conclusion Regarding Acceleration

2. As explained in paragraph 27 of Cenlar's summary judgment motion, Cenlar initially mailed a notice of default in July 21, 2011 when the loan first went into default. [Doc. 25, P. 15 at ¶ 27]. Document 25-7 (the Greer notice) was erroneously included and should have been the 2011 notice of default mailed to Hicks, which was simply provided to show the length of time Hicks' loan has been in default. Cenlar's brief went on to explain that in 2015 foreclosure counsel mailed a notice of rescission of acceleration. [Doc. 25-8]. No new notice of default and intent to accelerate was mailed out after that 2015 rescission of acceleration. Consequently, Cenlar was required to mail a new notice of default in order to comply with the Fifth Circuit's opinion in the *Rob* case, which is discussed below. Cenlar mailed new notices two months after Hicks' lawsuit was filed and counterclaimed in the lawsuit once Hicks' deadline to cure expired. Consequently, Cenlar's counterclaim constitutes the acceleration -- not Document 25-7 as the Magistrate incorrectly opines.

3. Like this case, the Rob's loan was due for 2011. *Wilmington Trust, National Association v. Rob,* 891 F.3d 174, 176 (5th Cir. 2018). Notices of default were mailed to the Robs in 2011 and 2012. *Id.* The Rob's debt was accelerated in 2013, and in 2014 Wilmington mailed the Robs a notice of rescission of acceleration. *Id.* After the 2015 rescission notice was mailed, Wilmington did not mail a new notice of default before it sued the Robs for an order allowing foreclosure. *Id.* Summary judgment was granted in favor of Wilmington, and the Robs appealed the summary judgment arguing Wilmington failed to prove it provided notice of acceleration prior to proceeding with foreclosure. *Id.* The Fifth Circuit made an *Erie* guess when it held that the Texas Supreme Court would require such notice, and that Wilmington failed to meet its summary judgment burden. *Id.* The Fifth Circuit ultimately held that "[o]nce notice of

acceleration had been rescinded, the Robs did not have 'clear and unequivocal notice that [Wilmington Trust] *would* exercise the option.'" *Id.* (citing *Ogden*, 640 S.W.2d at 233–34 (emphasis added)).

4.  In this case, the Report cites to *Rob* in support of its proposition that there must be evidence that a separate notice of acceleration must be sent to Hicks. [Doc. 29, at P. 5]. However, the Magistrate disregards the portion of the *Rob* opinion that states that a complaint can serve as adequate notice of acceleration if it is preceded by valid notice of intent to accelerate. *Id.* at 177 (citing *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987) ("In Texas, notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate.")). As argued in Cenlar's summary judgment motion, case law is clear that acceleration can occur by some other unequivocal action indicating the debt is accelerated such as the filing of a counterclaim. *Burney v. Citigroup Global Markets Realty Corp.,* 244 S.W.3d 900 (Tex.App.—Dallas 2008); *see also Alcala v. Deutsche Bank Nat'l Tr. Co.*, 684 F. App'x 436, 438 (5th Cir. 2017) citing *Burney v. Citigroup Global Markets Realty Corp.,* 244 S.W.3d 900 (Tex. App. – Dallas 2008); *see also Mueller v. Select Portfolio Servicing, Inc.*, No. 1:18-CV-624-LY-ML, 2019 WL 5027073, at *3 (W.D. Tex. Sept. 17, 2019) ("Filing a Rule 736 application suffices as a notice of acceleration."), *report and recommendation adopted*, No. 1:18-CV-624-LY-ML, 2019 WL 7759103 (W.D. Tex. Oct. 7, 2019).

5.  Here, acceleration was rescinded on September 2, 2015. [Doc. 25-8]. In order to comply with *Rob*, Cenlar's foreclosure counsel mailed new notices of demand on May 13, 2020. [Doc. 25-4]. Once new demands were mailed and the deadline to cure the default expired, Cenlar filed its counterclaim which per sound federal and state law effectuated an acceleration of Hicks' debt. Cenlar relies on its counterclaim as evidence of acceleration as stated in paragraphs 25 and

33(d.) of Cenlar's summary judgment motion. [Doc. 25, at ¶¶ 25 and 33(d)]. Indeed, paragraph 11 of Cenlar's counterclaim contains acceleration language. [Doc. 6, at ¶ 11]. Consequently, Cenlar's summary judgment evidence establishes it mailed the requisite notice of demand and accelerated the debt through the filing of its counterclaim. [Doc. 25-5]. As stated in the Report, the remaining elements Cenlar needs to prove in order to be entitled to a foreclosure order are undisputed.

WHEREFORE, Cenlar respectfully objects to the Magistrate's Report recommending Cenlar's counterclaim seeking an order allowing foreclosure be denied. Cenlar respectfully requests the Court grant Cenlar's summary judgment motion on its counterclaim and issue an order allowing judicial foreclosure of the Property and for such other relief to which Cenlar may be justly entitled.

Dated: December 16, 2021.

                                            BARRETT DAFFIN FRAPPIER
                                            TURNER & ENGEL, LLP

                                            By:      /s/ Crystal Gee Gibson
                                                     Crystal Gee Gibson, *Attorney-in-Charge*
                                                     State Bar No. 24027322
                                                     SD No. 706039
                                                     4004 Belt Line Road, Ste. 100
                                                     Addison, Texas 75001
                                                     (972) 340-7901
                                                     (972) 341-0734 (Facsimile)
                                                     CrystalR@bdfgroup.com
                                                     ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

     I certify that a copy of Defendant's Objection to Report and Recommendation of United State Magistrate Judge has been served on all counsel of record and parties listed via ECF on December 16, 2021.

V<small>IA</small> E-S<small>ERVICE</small>: <small>JHICKS</small>4403@<small>GMAIL.COM</small>
Jeanie Hicks
4403 Ebbtide Drive
Houston, Texas 77045

                                                                 */s/Crystal G. Gibson*
                                                                 Crystal G. Gibson