UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANIE HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1661 |
| | § | |
| CENLAR FSB, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Reopen Case (the "Motion"). Doc. #35. Having considered Plaintiff's arguments and applicable law, the Court denies the Motion.

This is a mortgage foreclosure case filed by Plaintiff Jeanie Hicks pro se against Defendant Cenlar FSB. Doc. #1. After technical issues prevented Plaintiff from participating in the first three hearings the Court held in this case over Zoom, Plaintiff failed to appear for an in-person July 16, 2021 status conference. On July 28, 2021, Defendant moved for summary judgment on Plaintiff's claims for violations of the Texas Property, Business and Commerce, and Finance Codes, as well as Defendant's counterclaim for breach of contract. Doc. #25. Plaintiff did not file a response. On November 29, 2021, United States Magistrate Judge Frances H. Stacy issued a Memorandum and Recommendation regarding Defendant's Motion for Summary Judgment and ordered the parties to file objections within fourteen days of its entry. Doc. #29. On December 21, 2021, the Court granted Defendant's Motion for Leave to file untimely objections to the Memorandum and Recommendation and construed and considered Plaintiff's December 17, 2021 letter as objections as well. Doc. #30, Doc. #31, and Doc. #33. The Court adopted Magistrate Judge Stacy's Memorandum and Recommendation in part, granting summary judgment for Defendant on Plaintiff's claims as well as Defendant's counterclaim. Doc. #33. Plaintiff now moves to reopen this case, attaching documents referenced in her December 17, 2021 letter and

stating that her delay in submitting said documents is due to her role for the past year as caregiver to her father, who passed away on January 11, 2022. Doc. #35 at 1.

Because Plaintiff's Motion was not filed within 28 days from the entry of the Court's December 21, 2021 Order, the Court treats the Motion as Rule 60(b) motion for relief from judgment. *See* Doc. #33; Doc. #35; *Brod v. Sprint Corp.*, No. CV H-20-1854, 2022 WL 1016671, at *1 (S.D. Tex. Apr. 5, 2022). Reconsideration of a decision after its entry "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such motions are not a means to "re-litigate matters that have been resolved to the movant's dissatisfaction or to give the movant a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, No. CV B-08-487, 2011 WL 13135967, at *2 (S.D. Tex. Oct. 6, 2011).

The Court offers its sincere condolences to Plaintiff for the lost of her father. However, Plaintiff's Motion does not explain her failure to appear at the July 17, 2021 status conference, her failure to respond to Defendant's Motion for Summary Judgment, or how the documents attached to the Motion refute Defendant's Motion for Summary Judgment. *See* Doc. #35. Defendant's Motion for Summary Judgment is based on Plaintiff's failure to pay her mortgage, yet Plaintiff's Motion and the documents attached reflect arguments regarding property taxes. *See id.* and Doc. #25. In light of this disconnect, the Court finds that Plaintiff has failed to show "extraordinary" circumstances justifying the re-opening of this case.

Accordingly, the Court hereby DENIES Plaintiff's Motion to Reopen.

It is so ORDERED.

**JUN 2 9 2022**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge